980 F.2d 732
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis L. WRENN, Plaintiff-Appellant,
v.
Evan J. KEMP, Chairman, Equal Employment Opportunity
Commission, Defendant-Appellee.
 No. 92-3513.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1992.
 
 Before KEITH, DAVID A. NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Curtis Wrenn appeals the district court's order dismissing his complaint against the defendant, who is Chairman of the Equal Employment Opportunity Commission (EEOC). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Wrenn claimed that the EEOC conspired to violate his rights under the First and Fourteenth Amendments, Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e), 42 U.S.C. § 1985(3), the Freedom of Information Act (FOIA), 5 U.S.C. § 552 of 1964, and 5 U.S.C. § 552a.
 
 
 3
 The district court decided that Wrenn's conspiracy allegations failed to state a claim and that the FOIA claim would be dismissed for failure to exhaust administrative remedies. The district court subsequently granted the EEOC's motion to alter or amend judgment. In so doing, the court rejected Wrenn's FOIA claim, concluding that although he had then exhausted, his administrative remedies, he had received all records he was entitled to under the FOIA. See SafeCard Servs., Inc. v. Securities and Exch. Comm'n., 926 F.2d 1197, 1200 (D.C.Cir.1991). On appeal, Wrenn argues that the EEOC improperly failed to investigate his charges, and failed to release records under the FOIA.
 
 
 4
 Upon consideration, we conclude that the district court correctly dismissed the complaint for the reasons stated in its Memoranda and Orders issued March 27, 1992, and May 6, 1992. Therefore, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.